JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| CROSSFIT, LLC | RICK POBAR, individually and doing business as TBE CROSSFIT, |

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Valencia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Jennifer Bartlett (NM Bar No. 159389)
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: 214.665.3729
jennifer.bartlett@gtlaw.com

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§1114 and 1125

Brief description of cause:
Trademark Infringement

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Defendants' profits
plus/post judgment interest, costs, attorney fees and enhanced damages under 15 U.S.C. § 1117 and N.M. Stat. Ann. § 57-12-1 et seq, and injunctive relief.

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
10/06/2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jennifer Bartlett

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)    County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)    Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.       Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.      Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.       Origin.**  Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.      Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| CROSSFIT, LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:25-cv-00971 |
| RICK POBAR, individually and doing business as TBE CROSSFIT, | |
| Defendants. | |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CrossFit, LLC ("CrossFit"), for its Complaint against Defendants Rick Pobar, individually and doing business as "TBE CrossFit" as follows:

## NATURE OF THE ACTION

1.    This is an action for willful violations of CrossFit's intellectual property rights, including trademark infringement, false designation of origin, trademark dilution, and unfair competition, arising out of Defendants' intentional and unauthorized use of the federally registered CrossFit® trademark.  Despite numerous written communications from CrossFit demanding that Defendants cease their infringement of the CrossFit® mark, Defendants continue to use the CrossFit® mark without authorization.  Defendants' conduct has caused irreparable harm to CrossFit and will continue to cause irreparable harm unless Defendants' unlawful use of the CrossFit® mark is immediately and permanently enjoined.

## PARTIES

2.    Plaintiff CrossFit, LLC is a Delaware limited liability company with a principal

place of business in Prescott, Arizona.

3.      Upon information and belief, Defendant Rick Pobar is the owner of a fitness center located at 2210 Sun Ranch Village Loop #2A, Los Lunas, NM doing business as "TBE CrossFit." Upon information and belief, all conduct of Defendants as alleged herein was undertaken at the direction and control of and under the supervision of Defendant Pobar.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (jurisdiction over Lanham Act claims), 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1338 (claims related to trademarks and unfair competition).  This Court also has jurisdiction over the state and common law claims alleged herein pursuant to 28 U.S.C. §1367(a) (supplemental jurisdiction).  CrossFit's state and common law claims are so related to the federal claims that they form part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendants because, upon information and belief, they reside and conduct business in the State of New Mexico.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because, upon information and belief, Defendants' principal place of business is in this judicial district.  In addition, a substantial part of the events or omissions giving rise to CrossFit's claims occurred and continue to occur in this judicial district.

## FACTUAL ALLEGATIONS

### A.      CrossFit

7.      Developed in the early 1980s, CrossFit is a famous fitness training and lifestyle brand that is applied to goods and services intended to help individuals improve their physical

2

well-being and cardiovascular fitness in an encouraging environment.

8.  The training style that CrossFit incorporates into CrossFit®-branded fitness training, "constantly varied functional movements preformed at relatively high intensity," is known as "high-intensity interval training" ("HIIT") and "functional fitness." These functional movements translate into everyday activities for all ages and abilities, such as picking keys off the floor, standing up, or placing household items on a shelf.

9.  In addition to its community-focused fitness training services, CrossFit sells products and offers numerous additional services under the CrossFit® brand.

10.  CrossFit also owns and operates the "CrossFit Games®," the world's largest participatory fitness competition.  Over 340,000 athletes participated in the first stage of the 2024 CrossFit Games competition.

11.  Over the last three decades, CrossFit has worked diligently and invested substantial resources in promoting CrossFit®-branded goods and services, including, especially, the credentialing of trainers.  CrossFit's hard work has paid off.  CrossFit estimates that millions of people around the world engage in CrossFit®-branded training, in most cases in a CrossFit®-branded facility.  These CrossFit athletes train at over 12,000 CrossFit-licensed gyms located in more than 150 countries.  The CrossFit Games®, which are broadcast on ESPN and live-streamed on other social media channels, draw tens of millions of viewers.  CrossFit's websites average nearly 80 million hits each year.

### B.  CrossFit's Intellectual Property

12.  CrossFit's careful cultivation, maintenance, and protection of its intellectual property rights has enabled CrossFit to amass considerable goodwill.  Consumers readily and

singularly associate the CrossFit name with CrossFit's fitness training services offered by credentialed trainers through licensed facilities.

13.    The "CrossFit" name is widely recognized throughout the United States and around the world.

14.    The CrossFit brand is an indicator of well-trained instructors, properly insured facilities, and access to a community of athletes competing both on a daily basis and annually through the CrossFit Games®.

15.    CrossFit diligently protects its intellectual property through, *inter alia*, trademark registration.

16.    CrossFit owns numerous trademark and service mark registrations for the word mark "CrossFit," including registrations for fitness training, charitable fundraising, scientific research relating to exercise and human performance, entertainment services (e.g., videos and podcasts), apparel, and footwear.

17.    CrossFit's exclusive ownership of the CrossFit® mark for gyms and fitness classes is memorialized in U.S. Registration No. 3,007,458. A true and correct copy of U.S. Registration No. 3,007,458 (Oct. 18, 2005) is attached hereto as **Exhibit A**.

18.    Because CrossFit has continuously used the CrossFit® mark for gyms and fitness classes in commerce for more than five consecutive years after the date of its registration, the CrossFit® mark is "incontestable" as defined in 15 U.S.C. §1065.

### C.    Use of the CrossFit® Mark by CrossFit-Licensed Gyms

19.    CrossFit offers a nationally standardized certificate program to personal trainers who desire to teach CrossFit® classes or own and operate a CrossFit-licensed gym (commonly

referred to as "boxes" or "affiliates").

20.    Individuals who successfully complete CrossFit's certificate program and meet other requirements for affiliation are eligible to enter into annually renewable affiliate license agreements, which permit limited use of the CrossFit® mark subject to various conditions, including payment of an annual fee.

21.    Only individuals who have completed CrossFit's certificate process and have entered into valid affiliate license agreements are permitted to use the CrossFit® mark in connection with fitness training.

### D.    Defendants

22.    Upon information and belief, Defendant Rick Pobar is the owner of a fitness center located at 2210 Sun Ranch Village Loop #2A, Los Lunas, NM doing business as "TBE CrossFit."

23.    Upon information and belief, the fitness services offered by Defendants are like the fitness services offered under the CrossFit® mark by licensed CrossFit affiliates, including licensed CrossFit affiliates in and around Los Lunas, NM.

24.    Upon information and belief, Defendants target the same consumers as those targeted by CrossFit's licensed affiliates.

### E.    Defendant Pobar's Affiliate Agreement with CrossFit Terminates

25.    TBE CrossFit originally opened in 2018, with Mark Summerlin listed as the Licensee of Record ("LOR") in an affiliate agreement entered between CrossFit and Mr. Summerlin. The LOR and affiliate agreement was assigned to Defendant Pobar in 2020, when Mr. Pobar acquired the fitness center.  Thereafter, Mr. Pobar renewed the affiliate agreement with CrossFit in 2020, 2021 and 2022.  Under each of the agreements, CrossFit licensed to Pobar the

5

right to use the CrossFit® mark in the name of Defendants' fitness facility, "TBE CrossFit," during the term of the agreement.

26.     In exchange for these valuable rights, Pobar agreed to pay an annual fee to CrossFit and to comply with the terms and conditions set forth in the agreement.

27.     Pobar's affiliate agreement terminated on or about October 26, 2024.

### F.    Defendants' Willful Infringement

28.     Because Pobar's affiliate agreement terminated, Defendants are no longer authorized to use the CrossFit® mark.

29.     Nevertheless, Defendants intentionally, and without permission, continue to use the CrossFit® mark to offer and promote its fitness services.

30.     Moreover, at all relevant times, Defendants have been fully aware of CrossFit's prior use, ownership, and registration of the CrossFit® mark.

31.     On June 20, 2025, July 9, 14, and 20, 2025 and various dates thereafter, CrossFit contacted Defendants through email and identified specific uses of the CrossFit® mark by Defendants that must stop (providing, among other things, URL addresses for specific unlawful uses of the mark).

32.     Despite CrossFit contacting and advising Defendants that their failure to comply with demands to cease and desist from unauthorized use of the CrossFit® mark would result in CrossFit taking legal action against Defendants.

33.     Defendants intentionally, and without permission, continue to use the CrossFit® mark to offer and promote their fitness services, including continuing to display the CrossFit® mark in promotion of their business and services.  Among other things:

- Defendants' website (https://tbecrossfit.com/) includes graphics featuring the CrossFit® mark in connection with fitness services:







- Defendants continue to use the CrossFit Mark in signage inside the fitness facility (on the wall and floor) as shown below:





34.    Since at least August 2022, Defendants have been fully aware of CrossFit's prior use, ownership, and registration of the CrossFit® mark.

35.    Nevertheless, Defendants used and continue to use the CrossFit® mark for fitness services without lawful purpose and without authorization, such that continued unauthorized use is in bad faith.

36.    Defendants' unauthorized use of the CrossFit® mark for fitness services deceptively misleads consumers into believing that Defendants' facility is an official licensee and affiliate of CrossFit.   In addition, Defendants' use of the CrossFit® mark creates the false impression that CrossFit endorses or otherwise approves of the services provided by Defendants. Defendants are engaging in their ongoing, unlawful conduct to profit by trading off CrossFit's substantial reputation and goodwill.

37.    Defendants' unlawful use of the CrossFit® mark for fitness services has and is likely to continue to cause confusion as to the source, sponsorship, or affiliation of those services. If not enjoined, Defendants' unlawful conduct will continue to harm the goodwill and reputation that CrossFit has carefully cultivated at great labor and expense.

## CAUSES OF ACTION

### COUNT ONE
### (Trademark Infringement—15 U.S.C. §§1114 and 1125)

38.    CrossFit repeats and realleges the allegations of paragraphs 1-37 set forth above.

39.    CrossFit is the exclusive owner of the CrossFit® mark for gyms and fitness classes.

40.    Defendants are using the CrossFit® mark in commerce in connection with the sale, offer for sale, and advertising of their fitness services without authorization from CrossFit.

41.    Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association regarding Defendants and their services, on the one hand, and CrossFit and its services, on the other hand.

42.    Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception regarding the origin of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

43.    Defendants' use of the CrossFit® mark constitutes infringement of CrossFit's incontestable federal trademark registration.

44.    Defendants have acted knowingly and willfully in total disregard for CrossFit's valuable trademark rights, and with the intent to deceive consumers by trading off CrossFit's goodwill and reputation.

45.    As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered

monetary damages in an amount to be determined at trial.  Further, Defendants have been unjustly

enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

46.    Defendants' blatant attempt to confuse the consuming public is causing irreparable

injury to CrossFit, for which there is no adequate remedy at law.  Defendants' unlawful acts will

continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately

and permanently enjoined by this Court.

47.    Defendants' actions have been knowing, intentional, wanton, and willful. The

principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees,

and the costs of this action pursuant to 15 U.S.C. §1117.

### COUNT TWO
### (False Designation of Origin and Unfair Competition—15 U.S.C. §1125)

48.    CrossFit repeats and realleges the allegations of paragraphs 1-47 set forth above.

49.    CrossFit is the exclusive owner of the CrossFit® mark for gyms and fitness classes.

50.    Defendants are using the CrossFit® mark in commerce in connection with the sale,

offer for sale, and advertising of their fitness services without authorization from CrossFit.

51.    Defendants' unlawful use of the CrossFit® mark is likely to cause confusion,

mistake, or deception as to affiliation, connection, or association regarding Defendants and their

services, on the one hand, and CrossFit and its services, on the other hand.

52.    Defendants' unlawful use of the CrossFit® mark is likely to cause confusion,

mistake, or deception regarding the origin of Defendants' services, on the one hand, and CrossFit's

sponsorship or approval, on the other hand.

53.    Defendants have acted knowingly and willfully in total disregard for CrossFit's

valuable trademark rights, and with the intent to deceive consumers by trading off CrossFit's

goodwill and reputation.

54.     As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial.  Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

55.     Defendants' blatant attempt to confuse the consuming public and to unfairly compete with licensed CrossFit affiliates is causing irreparable injury to CrossFit, for which there is no adequate remedy at law.  Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

56.     Defendants' actions have been knowing, intentional, wanton, and willful.  The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. §1117.

## COUNT THREE
### (Trademark Dilution—15 U.S.C. §1125(c))

57.     CrossFit repeats and realleges the allegations of paragraphs 1-56 set forth above.

58.     For decades, CrossFit has made substantial investments in the marketing, promotion, and advertising of its fitness program and lifestyle brand.  As a result, today, the CrossFit® mark is instantly recognizable and distinctive in the fitness industry.  The CrossFit® mark is a "famous" mark.

59.     Defendants' unauthorized use of the famous CrossFit® mark dilutes the distinctive quality of the CrossFit® mark and the capacity of the CrossFit® mark to identify and distinguish CrossFit's services.

60.     As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered

monetary damages in an amount to be determined at trial. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

61.    Defendants' blatant attempt to confuse the consuming public is causing irreparable injury to CrossFit, for which there is no adequate remedy at law. Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

62.    Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. §1117.

<u>**COUNT FOUR**</u>
**(Unfair Competition—Common Law of New Mexico)**

63.    CrossFit repeats and realleges the allegations of paragraphs 1-62 set forth above.

64.    CrossFit is the exclusive owner of the CrossFit® mark for gyms and fitness classes.

65.    Defendants are using the CrossFit® mark in commerce in connection with the sale, offer for sale, and advertising of their fitness services without authorization from CrossFit.

66.    Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association regarding Defendants and their services, on the one hand, and CrossFit and its services, on the other hand.

67.    Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception regarding the origin of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

68.    Defendants' use of the CrossFit® mark constitutes infringement of CrossFit's rights in the CrossFit® mark.

69.     Defendants have acted knowingly and willfully in total disregard for CrossFit's valuable trademark rights, and with the intent to deceive consumers by trading off CrossFit's goodwill and reputation.

70.     As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial.  Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

71.     Defendants' blatant attempt to confuse the consuming public and to unfairly compete with licensed CrossFit affiliates with Defendants' infringing activities is causing irreparable injury to CrossFit, for which there is no adequate remedy at law.  Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

## COUNT FIVE
### (New Mexico Unfair Practices Act—(N.M. Stat. Ann. § 57-12-1 *et seq.*)

72.     CrossFit repeats and realleges the allegations of paragraphs 1-71 set forth above.

73.     As alleged herein, Defendants have been fully aware of CrossFit's prior use, ownership, and registration of the CrossFit® mark, as well as aware that Defendants' continued use of the CrossFit® mark for fitness services is in bad faith, absent lawful purpose or authorization.

74.     Defendants are actively engaged in trade or commerce within the State of New Mexico, including, without limitation, operating a fitness center and offering fitness related services.

75.     Defendants have engaged in deceptive and unfair trade practices in connection with their unauthorized use of CrossFit's intellectual property, which has caused or is likely to cause

14

consumer confusion, misunderstanding, mistake, or deception as to the source, sponsorship, approval, or certification of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

76.    As alleged herein, Defendants have made statements and visual representations using Plaintiff's mark that are false and misleading. Further, Defendants knowingly made these misrepresentations in connection with the sale of their services. Defendants' conduct occurred in the regular course of Defendants' trade. Defendants' unlawful use of Plaintiff's mark in connection with Defendants' representations is of the type that deceives and/or misleads any person.

77.    Defendants have engaged in deceptive and unfair trade practices in connection with their unauthorized use of CrossFit's intellectual property, which has caused or is likely to cause consumer confusion, misunderstanding, mistake, or deception as to affiliation, connection or association with, or certification of Defendants' services by CrossFit.

78.    Defendants' deceptive and unfair trade practices as alleged herein have caused CrossFit actual damages as well as damage to CrossFit's goodwill, brand, intellectual property rights, and reputation, and unless enjoined will continue to result in actual and other damages to CrossFit.

79.    Defendants' conduct as described herein offends public policy as it has been established by statutes, the common law, or otherwise – in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; is immoral, unethical, oppressive, or unscrupulous; and/or causes substantial injury to consumers.

80.    Defendants willfully and knowingly violated New Mexico Unfair Practices Act ("NMUPA") N.M. Stat. Ann. § 57-12-1 *et seq.*, by the above-described conduct and therefore the

Plaintiffs are entitled to statutory multiple damages pursuant to N.M. Stat. Ann. § 57-12-10.

## **PRAYER FOR RELIEF**

WHEREFORE, CrossFit requests the following relief:

    a.      Entry of judgment in CrossFit's favor on all claims herein;

    b.      Preliminary and permanent injunctions preventing Defendants and those additional parties specified in Rule 65(d) of the Federal Rules of Civil Procedure from using the CrossFit® mark or any similar mark in connection with the sale, offering for sale, or marketing of fitness training services;

    c.      Preliminary and permanent injunctions preventing Defendants and those additional parties specified in Rule 65(d) of the Federal Rules of Civil Procedure from unfairly competing with CrossFit or licensed CrossFit affiliates through their use of the CrossFit® mark or any similar mark;

    d.      An accounting of profits and damages resulting from Defendants' trademark infringement, false designation of origin, and unfair competition;

    e.      An award to CrossFit of: (i) an amount equal to the actual damages suffered by CrossFit as a result of Defendants' infringement of the CrossFit® mark; (ii) an amount equal to the profits earned by Defendants as a result of their infringement of the CrossFit® mark; and/or (iii) an amount equal to three times the monetary award

16

assessed in view of Defendants' willful and wanton infringement and/or the Defendants' willful and knowing violation of New Mexico's Unfair Competition Act;

f.  In the alternative, as may be elected by CrossFit, permission to recover statutory damages rather than actual damages and profits as provided in 15 U.S.C. §1117 and/or N.M. Stat. Ann. § 57-12-10;

g.  An award of pre- and post-judgment interest;

h.  An award ordering Defendants to pay CrossFit's attorney's fees because this is an "exceptional" case under 15 U.S.C. §1117 and/or pursuant to N.M. Stat. Ann. § 57-12-10(C); and

i.  Such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

CrossFit hereby demands a jury trial on all issues triable as of right to a jury.

17

Respectfully Submitted,


*/s/Jennifer Bartlett*
 Jennifer Bartlett (NM Bar No. 159389)
 **GREENBERG TRAURIG, LLP**
 2200 Ross Avenue, Suite 5200
 Dallas, TX 75201
 Telephone: 214.665.3729
 jennifer.bartlett@gtlaw.com

 Zachary C. Kleinsasser*
 John F. Farraher, Jr.*
 **GREENBERG TRAURIG, LLP**
 One International Place
 Boston, MA 02110
 Telephone: 617.310.6029
 kleinsasserz@gtlaw.com
 farraherj@gtlaw.com

   * *pro hac vice application forthcoming*

 *Counsel for Plaintiff CrossFit, LLC*

DATED: October 6, 2025.

## <u>VERIFICATION</u>

I, Marshall Brenner, hereby verify under oath that: (1) I am the duly appointed General Counsel of CrossFit, LLC; (2) I have read the Verified Complaint and have been duly authorized by CrossFit, LLC to sign this Verified Complaint on its behalf; (3) the allegations of fact stated in the Verified Complaint are based upon my personal knowledge and CrossFit, LLC's books and records maintained in the normal course and operation of its business, which are known to me to be true, except as to those allegations of fact based upon information and belief, which I believe to be true.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___ DAY OF OCTOBER 2025.**

_/s/_ _____
Marshall Brenner
General Counsel, CrossFit, LLC
Duly Authorized

## VERIFICATION

I, Marshall Brenner, hereby verify under oath that: (1) I am the duly appointed General Counsel of CrossFit, LLC; (2) I have read the Verified Complaint and have been duly authorized by CrossFit, LLC to sign this Verified Complaint on its behalf; (3) the allegations of fact stated in the Verified Complaint are based upon my personal knowledge and CrossFit, LLC's books and records maintained in the normal course and operation of its business, which are known to me to be true, except as to those allegations of fact based upon information and belief, which I believe to be true.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS** 6th **DAY OF OCTOBER 2025.**

/s/

Marshall Brenner
General Counsel, CrossFit, LLC
Duly Authorized

19